# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

RICKEY A. MCCOY,

      Appellant,

        v.

DEPARTMENT OF VETERANS
   AFFAIRS,

      Agency.

DOCKET NUMBER
AT-0752-15-0197-I-1

DATE: September 25, 2015

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Rickey A. McCoy</u>, Miami Garden, Florida, pro se.

<u>Karen L. Mulcahy</u>, Esquire, Bay Pines, Florida, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which sustained his removal. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115).  After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review.  Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision.  5 C.F.R. § 1201.113(b).

## BACKGROUND

¶2   The appellant was employed as a Psychiatric Nursing Assistant.  Initial Appeal File (IAF), Tab 4 at 60.  The agency proposed his removal on the basis of three charges that arose out of a single altercation with a patient:  (1) patient abuse, (2) fighting, and (3) inappropriate language toward a patient.  *Id*. at 26.  The appellant responded both orally and in writing to the proposal.  *Id*. at 21-23.  Specifically, he contested the charges and requested mitigation of the proposed removal penalty.  *Id*. at 23.  The agency nevertheless imposed the removal.  *Id*. at 16.

¶3   The appellant filed a Board appeal challenging his removal and requested a hearing.  IAF, Tab 1.  After holding the requested hearing, Hearing Compact Disc (HCD), the administrative judge issued an initial decision in which he merged the three charges of patient abuse, fighting, and inappropriate language into a single charge of patient abuse with two specifications—fighting and inappropriate language.[2]  IAF, Tab 17, Initial Decision (ID) at 3-4.  The administrative judge

---

[2] The administrative judge determined that the first two charges were based upon a single incident and were improperly duplicative and that inappropriate language is

sustained the single charge, finding that the agency proved the fighting specification, but failed to prove the inappropriate language specification.  ID at 4-11.  The administrative judge also sustained the penalty of removal, deferring to the agency's penalty determination.[3]  ID at 14-15.

¶4      The appellant has filed a timely petition for review in which he asserts, inter alia, that the administrative judge erred in making his credibility determinations and weighing the relevant testimony and that the agency erred in several ways when it investigated the charges against him.  Petition for Review (PFR) File, Tab 1.   The appellant also appears to challenge the penalty determination.[4]  *Id*. at 1.  The agency has responded in opposition to the petition, and the appellant has filed a reply.[5]  PFR File, Tabs 8-9.

---

included in the agency's definition of patient abuse.  ID at 4; *see* IAF, Tab 4 at 49-50. On review, the appellant does not challenge the administrative judge's construction of the charges and we see no reason to disturb it.

[3] The administrative judge found that the agency's disciplinary action promoted the efficiency of the service, ID at 13, and that the appellant failed to establish his affirmative defense of race discrimination, ID at 16-17.  The appellant has not challenged these findings on review and we see no reason to disturb them.

[4] The appellant asserts that the administrative judge did not consider certain evidence or that it was not included in the record.  *See, e.g.*, PFR File, Tab 9 at 1, 4.  Although some of the evidence was indeed mentioned in the initial decision and some was not, an administrative judge's failure to mention all of the evidence of record does not mean that he did not consider it in reaching his decision.  *Diggs v. Department of Housing & Urban Development*, 114 M.S.P.R. 464, ¶ 8 (2010).

[5] In his pleadings on review, the appellant submits additional evidence, including his previously-submitted response to the proposed removal, the arrest information of, and an article about, the patient with whom he engaged in the altercation, and several character references.  PFR File, Tab 1 at 12-14, Tab 9 at 5-7.  None of this evidence, which all came about prior to the issuance of the initial decision, is new evidence that was not previously available below despite the appellant's due diligence, and we therefore do not consider it.  *See Banks v. Department of the Air Force*, 4 M.S.P.R. 268, 271 (1980); 5 C.F.R. § 1201.115(d).  However, even if we did consider the evidence, it would not affect our disposition of this case.

**DISCUSSION OF ARGUMENTS ON REVIEW**

<u>The administrative judge properly sustained the charge.</u>

¶5       The agency's policy defines patient abuse to comprise numerous actions including, but not limited to, physical and verbal abuse.  IAF, Tab 4 at 49-50. Proof of one or more, but not all, of the supporting specifications of the charge is sufficient to sustain the charge.  *Alvarado v. Department of the Air Force*, 103 M.S.P.R. 1, ¶ 16 (2006).  The Board will not disturb an administrative judge's findings when he considered the evidence as a whole, drew appropriate inferences, and made reasoned conclusions on issues of credibility. *See Broughton v. Department of Health & Human Services*, 33 M.S.P.R. 357, 359 (1987).  More specifically, when a hearing was held, the Board will defer to an administrative judge's credibility determinations when they are based, explicitly or implicitly, upon the observation of the demeanor of witnesses testifying at a hearing, because the administrative judge is in the best position to observe the demeanor of the witnesses and determine which witnesses were testifying credibly.  *Haebe v. Department of Justice*, 288 F.3d 1288, 1300-01 (Fed. Cir. 2002).  Based on the following, we find that the administrative judge properly sustained the single charge of patient abuse supported by the specifications that had originally been categorized as both patient abuse and fighting.

¶6       Here, the administrative judge properly applied the *Hillen* factors[6] for assessing witness credibility and sustained the charge based upon his determination that the Nursing Assistant who testified on behalf of the agency

---

[6] To resolve credibility issues, an administrative judge must identify the factual questions in dispute, summarize the evidence on each disputed question, state which version he believes, and explain in detail why he found the chosen version more credible, considering such factors as:  (1) the witness's opportunity and capacity to observe the event or act in question; (2) the witness's character; (3) any prior inconsistent statement by the witness; (4) a witness's bias, or lack of bias; (5) the contradiction of the witness's version of events by other evidence or its consistency with other evidence; (6) the inherent improbability of the witness's version of events; and (7) the witness's demeanor.  *Hillen v. Department of the Army*, 35 M.S.P.R. 453, 458 (1987).

was more credible than both the appellant and the patient who testified on his behalf. ID at 6-13. Specifically, the administrative judge questioned the ability of the patient to accurately observe and recall events because he was taking prescription drugs at the time of the incident and because his testimony conflicted with that of both the appellant and the Nursing Assistant. ID at 7. Concerning the appellant's capacity, the administrative judge noted that he was directly involved in a highly stressful and physical situation, and that it was thus unsurprising that his testimony reflected some uncertainty concerning details of the event. *Id.* For instance, although the appellant did not deny "scooping" up the patient during the altercation, he was less than certain about everything that happened. *Id.* By contrast, the administrative judge found that there was no evidence that the Nursing Assistant experienced these or any other impediments about what she observed. *Id.*

¶7     The administrative judge next properly found that the witnesses' character was not a significant factor in determining credibility, despite the appellant's attempts to discredit the Nursing Assistant's character because she previously was temporarily removed from (but later returned to) her duty station based upon an allegation of misconduct. ID at 7-8.

¶8     As for bias, the administrative judge found that there was no bias on the part of the Nursing Assistant and that the appellant had not suggested as such. *Id.* Conversely, the administrative judge found that both the appellant and the patient who testified on his behalf harbored resentment towards the other patient (with whom the appellant had engaged in the altercation) because of their assertions that he had made racist remarks and that their resentment about these remarks could have affected their written statements and hearing testimony. ID at 8-9. As for the contradiction of the witnesses' versions of events by other evidence or its consistency with other evidence, the administrative judge correctly found that the Nursing Assistant's testimony was "more or less confirmed" by the appellant's testimony and was consistent with his admissions to the agency's investigator.

ID at 9. Further, the administrative judge found that the police officer's testimony undermined the appellant's denial that he choked the patient. ID at 10. Similarly, he found that the Nursing Assistant's testimony was consistent with the appellant's concession that he might have had his hands near the patient's neck during the altercation as well as the testimony of the police officer, who observed and photographed scratches or welts on or near the patient's neck after the incident. ID at 9-10.

¶9 Also, we find that the administrative judge considered that the appellant's testimony, that he would never choke or hit a fellow veteran, was intended to suggest the inherent improbability of the charged misconduct. *Id.* However, the administrative judge properly found the scenario surrounding the charged misconduct was not improbable because, although the appellant might not ordinarily harm a veteran, he could have reacted inappropriately to a patient in a highly stressful situation, as occurred here. *Id.*

¶10 The administrative judge, moreover, considered witness demeanor. ID at 10-11. He found that both the appellant and the Nursing Assistant appeared to believe their respective versions of pertinent events and thus found their demeanor to be credible. ID at 10. However, he found the patient not credible because he was too ready to agree with whatever question or proposition was put before him and factors such as the extra-investigatory nature of his written statement and the potential for collaboration between the appellant and the patient due to the appellant's submission of the statement long after the incident created doubt as to the credibility of the patient's testimony. ID at 10-11. We find that, because the administrative judge determined that the Nursing Assistant's testimony was more credible than the other testimony, he correctly found that the agency's factual allegations in the first specification were accurate and thus sustained the specification. ID at 11.

¶11 We also defer to the administrative judge's other credibility determinations because they are based, at least in part, upon the observation of the witnesses'

demeanor at the hearing.  *See Haebe*, 288 F.3d at 1300-01.  In other words, the appellant's specific assertions challenging the credibility determinations are not persuasive.  First, despite his assertion that the administrative judge should discredit the written statements of all other patients because they probably were taking medication which may have skewed their observations, there is no reason to discredit these statements because the administrative judge gave little or no weight to them.  PFR File, Tab 1, at 4; ID at 6 n.5.  Second, to the extent that the appellant points to minor inconsistencies in the Nursing Assistant's testimony to attack her credibility, we find that the administrative judge noted such inconsistencies between all three of the primary witnesses' testimonies and their prior statements, but found that these minor inconsistencies did not affect credibility.  *See* PFR File, Tab 1; ID at 8.  Thus, any such minor inconsistencies do not provide a basis for disturbing the initial decision.  *See Thomas v. U.S. Postal Service*, 116 M.S.P.R. 453, ¶ 5 (2011).  Third, to the extent that the appellant asserts that any past disciplinary record of the Nursing Assistant undermines her credibility, we defer to the administrative judge's consideration of this factor in making his credibility determination below.  *See Haebe*, 288 F.3d at 1300-01; *see also* PFR File, Tab 1; ID at 8.  We also do not consider any additional allegations concerning the Nursing Assistant's purported prior misconduct that the appellant raises for the first time on review, because he has not shown that such allegations are based on new evidence.  *See Banks*, 4 M.S.P.R. at 271.  Fourth, although the appellant now asserts on review that the Nursing Assistant was biased against him because he and other coworkers had complained about her performance to supervisors, PFR File, Tab 1 at 3, we do not consider this new claim because he did not present this assertion below and has not presented any evidence or argument in support of this assertion on review, *see Banks*, 4 M.S.P.R. at 271.  Based on the above, we find no reason to disturb the administrative judge's credibility determinations.

¶12        In addition, the appellant again challenges the agency's investigation of the fighting incident.  On review, he asserts, inter alia, that he was never asked to give a statement during the initial investigation and that the agency did not get statements from certain witnesses.  PFR File, Tab 1 at 1, 3.  The agency responded that it could not get the appellant's statement during the initial investigation because he left the scene of the incident, that nothing prevented him from obtaining additional statements from witnesses, and that it did get his statement through the Office of the Inspector General.  PFR File, Tab 8 at 5-6.  The Board has held that an agency does not have a duty to investigate the appellant's misconduct before proposing his removal, but only to make reasonable inquiries into exonerating facts brought to its attention by an appellant before removing him.  *Uske v. U.S. Postal Service*, 60 M.S.P.R. 544, 550 (1994), *aff'd*, 56 F.3d 1375 (Fed. Cir. 1995).  Therefore, the thoroughness or lack of thoroughness of the agency's investigation is not a proper basis for not sustaining the agency's charge.  *Id.*  Consequently, we find this allegation provides no basis to disturb the initial decision.

¶13        Next, the appellant appears to reassert on review that he acted in self-defense.  PFR File, Tab 1 at 2.  The doctrine of self-defense may not be successfully invoked if the employee raising it was not free from fault in bringing on difficulty, unless that person retreats in good faith intending to abandon difficulty that eventually led to aggression.  *Fuller v. Department of the Navy*, 60 M.S.P.R. 187, 190 (1993), *aff'd*, 40 F.3d 1250 (Fed. Cir. 1994) (Table).  We agree with the administrative judge, who correctly found that the appellant did not have the right to use self-defense during the incident in question and that, even if he did, he used more force than was reasonable under the circumstances.  ID at 12.  The proposing official's testimony further supports this finding because she testified that, even if the patient was the aggressor, the appellant should have used the least amount of force possible to de-escalate the situation.  HCD, Track 1.  Therefore, we find that the appellant did not have the right to use

self-defense and thus his assertion does not provide a basis for disturbing the initial decision. *See Fuller*, 60 M.S.P.R. at 192. Accordingly, we find no reason to disturb the administrative judge's decision to sustain the merged charge of patient abuse based upon his decision to sustain one of the specifications of the charge.[7] *See Miller v. U.S. Postal Service*, 117 M.S.P.R. 557, ¶ 17 (2012) (stating that proof of one or more, but not all, of the supporting specifications of a charge is sufficient to sustain the charge).

The administrative judge properly sustained the penalty of removal.

¶14        As noted above, the administrative judge sustained the penalty of removal, deferring to the agency's penalty determination and finding that the appellant's removal was not so excessive as to be an abuse of discretion or otherwise arbitrary, capricious, or unreasonable. ID at 14-15. On review, the appellant appears to challenge the penalty determination. PFR File, Tab 1 at 1. Where, as here, the agency's charge has been sustained, the Board will review an agency-imposed penalty only to determine if the agency considered all of the relevant *Douglas* factors and exercised management discretion within tolerable limits of reasonableness.[8] *Portner v. Department of Justice*, 119 M.S.P.R. 365, ¶ 10 (2013). In determining whether the selected penalty is reasonable, the Board gives due deference to the agency's discretion in exercising its managerial function of maintaining employee discipline and efficiency. *Id*. The Board will modify a penalty only when it finds that the agency failed to weigh the relevant factors or that the penalty the agency imposed clearly exceeded the bounds of reasonableness. *Id*. However, if the deciding official failed to appropriately

---

[7] The agency does not challenge the administrative judge's finding as to the inappropriate language specification, and we see no reason to disturb it.

[8] In *Douglas v. Veterans Administration*, 5 M.S.P.R. 280, 305-06 (1981), the Board articulated a nonexhaustive list of factors relevant to the penalty determination in adverse actions.

consider the relevant factors, the Board need not defer to the agency's penalty determination.[9] *Id.*

¶15    We find, based upon our review of the administrative judge's thorough consideration of the deciding official's testimony and our consideration of the record as a whole, that the deciding official considered all of the relevant *Douglas* factors and exercised management discretion within tolerable limits of reasonableness. *See Gaines v. Department of the Air Force*, 94 M.S.P.R. 527, ¶ 9 (2003) (holding that in evaluating a penalty, the Board will consider, first and foremost, the nature and seriousness of the misconduct and its relationship to the employee's duties, position, and responsibilities). To the extent that the appellant asserts self-defense as a mitigating factor, PFR File, Tab 1 at 2, as previously discussed, we find that the appellant used too much force and did not have the right to invoke this doctrine, *see Fuller*, 60 M.S.P.R. at 192. Accordingly, we agree with the administrative judge's finding that the penalty of removal was reasonable. *See Hosler v. Veterans Administration*, 42 M.S.P.R. 265, 269-70 (1989) (finding that removal from a nursing assistant position was a reasonable penalty for the sustained charges of physically and verbally abusing a patient, notwithstanding lack of a past disciplinary record and satisfactory work record for more than 6 years).

¶16    Finally, we find that the appellant's remaining assertions constitute mere disagreement with the initial decision and thus do not provide a basis for disturbing it. *See Weaver v. Department of the Navy*, 2 M.S.P.R. 129, 133-34 (1980). As a result, we affirm the initial decision in this case.

---

[9] We agree with the administrative judge that the penalty determination is entitled to deference despite the fact that the charges were merged and both specifications were not sustained. The Board has long held that where one of the specifications is not sustained, but the charge itself is sustained, the agency's penalty determination is entitled to deference and should be reviewed only to determine if the agency considered all of the relevant factors and exercised its discretion within the tolerable limits of reasonableness. *Brough v. Department of Commerce*, 119 M.S.P.R. 118, ¶ 9 (2013).

**NOTICE TO THE APPELLANT REGARDING
YOUR FURTHER REVIEW RIGHTS**

You have the right to request further review of this final decision.

Discrimination Claims:  Administrative Review

You may request review of this final decision on your discrimination claims by the Equal Employment Opportunity Commission (EEOC).  *See* Title 5 of the United States Code, section 7702(b)(1) (5 U.S.C. § 7702(b)(1)).  If you submit your request by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit your request via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, NE
Suite 5SW12G
Washington, D.C. 20507

You should send your request to EEOC no later than 30 calendar days after your receipt of this order. If you have a representative in this case, and your representative receives this order before you do, then you must file with EEOC no later than 30 calendar days after receipt by your representative.  If you choose to file, be very careful to file on time.

Discrimination and Other Claims:  Judicial Action

If you do not request EEOC to review this final decision on your discrimination claims, you may file a civil action against the agency on both your discrimination claims and your other claims in an appropriate United States district court.  *See* 5 U.S.C. § 7703(b)(2).  You must file your civil action with the district court no later than 30 calendar days after your receipt of this order.  If you have a representative in this case, and your representative receives this order

before you do, then you must file with the district court no later than 30 calendar days after receipt by your representative.  If you choose to file, be very careful to file on time.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.


FOR THE BOARD:                          _____
                                                     William D. Spencer
                                                     Clerk of the Board

Washington, D.C.